UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


GRACIANO TIRADO,                    :
                                    :   Civil Action No. 12-4059 (JAP)
            Petitioner,             :
                                    :
            v.                      :   MEMORANDUM OPINION AND ORDER
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :


THIS MATTER having come before the Court on several motions by Petitioner, Graciano Tirado, for an Order to Show Cause (Docket entry no. 4), for entry of default judgment (Docket entry no. 8), for relief from the Court's Order issued on October 4, 2012 (Docket entry no. 14), and in reply to Respondents' answer (Docket entry no. 21), and these motions being decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure, and it appearing that:

1.  On or about June 27, 2012, Petitioner, Graciano Tirado, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court conviction.

2.  On or about August 8, 2012, Petitioner filed a motion for an Order to Show Cause (Docket entry no. 4), directing Respondents to appear before the Court and show cause why a writ should not be issued.  Petitioner's motion appears to rely upon

1

the arguments raised in his habeas petition for immediate relief he now seeks by this motion.

3.   On or about September 21, 2012, Petitioner filed a motion for entry of default judgment against Respondents for failure to answer the petition.   (Docket entry no. 8.) Petitioner filed this motion before this Court entered an Order directing Respondents to answer the petition as required under Rule 5 of the of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts ("Habeas Rules").   Specifically, Habeas Rule 5(a) specifies that "[t]he respondent is not required to answer the petition unless a judge so orders."

4.   Moreover, "[d]efault judgment is [either] an extreme sanction that is [heavily] disfavored in habeas corpus cases," *Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1985), or a measure altogether inappropriate. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)(default judgment has no place in habeas corpus); *Simmons v. Ricci*, 2010 WL 5392667, *3 (D.N.J. Dec. 22, 2010).

5.   On October 4, 2012, this Court issued an order directing Respondents to answer the petition in accordance with Habeas Rule 5.   (Docket entry no. 9.)   Thereafter, on October 24, 2012, Petitioner filed a motion for relief from the Court's October 4, 2012 Order directing Respondents to answer the

petition, on the grounds that Respondents defaulted under the Federal Rules of Civil Procedure, and because Petitioner has made an 'application for emergency relief." (Docket entry no. 14, pg. 3.)

6.   On November 14, 2012, Respondents filed an answer to the petition with the relevant state court record, thus rendering Petitioner's motion for default judgment moot. (Docket entry nos. 17 through 20.)

7.   On or about December 7, 2012, Petitioner filed yet a fourth motion, this latest motion labeled as a Reply to Answer for Relief Due to Lack of Jurisdiction, Failure to Counter Claim and Failure to State a Claim.   (Docket entry no. 21.) Petitioner's motion appears to suggest that Respondents' answer is unresponsive and fails to deny all claims by Petitioner as required under *Fed.R.Civ.P.* 8(a), (d).

8.   This Court finds Petitioner's motions for the relief requested to be without merit, as well as moot.   Moreover, as above articulated, Respondents have provided an answer as directed by this Court, in accordance with Habeas Rule 5, and the Court finds Respondents answer to be in compliance with Habeas Rule 5, as well as the applicable Federal Rules of Civil Procedure.

THEREFORE, for the foregoing reasons,

**IT IS** on this 25th day of March, 2013,

3

**ORDERED** that Petitioner's motions for an Order to Show Cause (Docket entry no. 4), for entry of default judgment (Docket entry no. 8), for relief from the Court's Order issued on October 4, 2012 (Docket entry no. 14), and in reply to Respondents' answer (Docket entry no. 21), are hereby DENIED WITH PREJUDICE; and it is further

**ORDERED** that the Clerk shall serve this Order upon the Petitioner by regular mail and upon Respondents electronically.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge